**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**VINCENZO MAZZONI,**

       Plaintiff,

vs.                                                                                  Civ. No. 07-432 LH/ACT

**JASON MORALES, DENNIS TAFOYA, and**
**ELIZABETH THOMSON, in their**
**individual capacities,**

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the parties Stipulated Protective Order for

Internal Affairs and Personnel Files of Jason Morales, Dennis Tafoya, and Elizabeth Thomson filed

November 30, 2007 [Doc. 25]. Pursuant to the Order, the Defendants prepared and submitted a

privilege log with documents and audio tape to be reviewed by the court *in camera.*          This is a

civil rights action.  In the Complaint filed May 4, 2007, Plaintiff alleges that the Defendants used

excessive force and unlawfully arrested him.  Plaintiff also alleges that Defendants intentionally

assaulted and battered him.

The documents at issue are internal affairs files and documents from Defendants' personnel

files.  The right to confidentiality of matters contained in these files is not absolute.  *Denver*

*Policemen's Protective Association v. Lichtenstein*, 660 F.2d 432, 437 (10th Cir. 1981).  The

procedure under *Lichtenstein* requires the court to determine whether the information contained in

the internal affairs files is so personal or sensitive as to warrant protection, and whether the

individual's right of privacy is outweighed by some outside compelling interest.  The court must also

determine if the requested material is relevant. *Id*. at 437.   Generally, the court must also consider

whether there exists a legitimate expectation of privacy in the matters contained in the file; if the

disclosure serves a compelling interest; and whether the disclosure can be made in the least intrusive

manner. *Id*. at 435.   A complete ban of disclosure of internal affairs files is not necessary to protect

the government's or the public's interest.   *Id*. at 437.   However, the court must carefully balance the

competing interests to determine whether information should be produced or disclosed.

In determining whether the documents and files are discoverable the Court looks to the

relevant law.   The United States Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989)

established the "objective reasonableness" standard for excessive force claims. Under this standard,

the officer's subjective state of mind is not at issue and thus prior bad acts on the part of an

individual officer are immaterial to the case.   *Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir.

2005).

An exception to this rule is when a claim is asserted for municipal liability.   Evidence

concerning prior instances in which the individual defendant used excessive force may be relevant

as to the existence of a municipal policy or custom condoning such conduct. *Crawford v. City of

Kansas City*, 1997 WL 381758 (D. Kan. 1997) *citing Smith v. Delamaid*, 842 F.Supp. 453, 461 (D.

Kan.1994); *Elbrader v. Blevins*, 757 F.Supp. 1174, 1184 (D.Kan.1991).

In this matter there is no claim for municipal liability.   However, there is a claim for punitive

damages which some courts have held may require the disclose of internal affairs files.   *Martinez

v. City of Stockton*, 132 F.R.D. 677 (E.D. Ca. 1990) ("discovery of an officer's past record....should

only be permitted when: (1) the allegations of the Complaint, if proved, would probably result in a

punitive damage award, and (2) review of the sought discovery would indicate that there is a

reasonable possibility that the potential discovery would lead to a verdict of punitive damages.")

In light of the above and in reviewing the documents submitted, the Court finds that the documents and tapes at issue are not reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  Thus, the Court will not order their production.

Finally, the Court notes that the Defendants have agreed to produce the following documents:  Bates Nos. IA000001-IA000002; IA000027-IA000032; Dept. Record 000001-000093; Dept. Record 000094-000178; Dept. Record 000179-000180; Dept. Record 000183-000249; HR Record 000001-0000017; HR Record 000018-000036; and HR Record 000037-000066 with certain redactions.

**IT IS THEREFORE ORDERED** that the Defendants produce only those documents they have agreed to produce and their production will be pursuant to the Stipulated Protective Order for Internal Affairs and Personnel Files of Jason Morales, Dennis Tafoya, and Elizabeth Thomson [Doc. 25].

_____

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**