IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**VINCENZO MAZZONI,**

       **Plaintiff,**

**v.**                                                                                                          **CIV No. 07-432 LH/ACT**

**JASON MORALES, DENNIS TAFOYA,**
**and ELIZABETH THOMSON,**
**in their individual capacities,**

       **Defendants.**


### MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on Plaintiff's Motion and Memorandum in Support Of For [sic] Leave to Amend the Complaint (Docket No. 17).   The Court, having considered the relevant case law as well as the pleadings in the record, concludes that Plaintiff's motion is well taken and will be **granted**.

       Plaintiff seeks to amend his complaint to assert an additional claim entitled, "Excessive Use of Force in Violation of Fourth and Fourteenth Amendments Against All Defendants," and to name five additional defendants to the action.  Defendants' stated objection is that the addition of the new claim and parties would be futile because Plaintiff does not have standing to assert an unreasonable search claim, and because the currently unnamed defendants acted in good faith reliance on other officers.

1

**I.  Legal Standards**

Defendants' Answer to Plaintiff's Complaint (Docket No. 6) was filed in this matter on June 6, 2007.  When such a responsive pleading has been filed, Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S.321, 330 (1971).  Leave sought must be "freely given" in the absence of any justifiable reason for denial of the motion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties."  *Minter v. Prime Equipment Co*., 451 F.3d 1196, 1204 (10th Cir. 2006)(internal citations omitted). Rule 15 allows for liberal amendment in the interests of resolving cases on the merits.  15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.02[1] (3RD ED. 1997).  As noted by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.

The Court also notes that "all persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  FED.R.CIV.P. 20(a).

**B. Discussion**

This is the first amendment that Plaintiff has sought. He contends that, as a house guest of the tenant who leased the searched premises, Omar Kulp, he had a legitimate expectation of privacy and standing to assert a claim for an unreasonable search in violation of the Fourth and Fourteenth Amendments. He further argues that the defendants that he seeks to add were involved with the incident in question, that there is a question of law and fact common to all of the current and proposed defendants, and that inclusion of the new defendants will conserve judicial resources.

As stated above, Defendants oppose the proposed amendment, based upon an argument of futility. Specifically, Defendants argue that Plaintiff has no standing to assert a claim for a wrongful search or to contest the validity of the Mr. Kulp's consent for the search. Further, they contend that the additional defendants acted in good faith reliance on other officers,[1] and that it would be futile to add them as parties, because they, as well as the presently named defendants, will ultimately be dismissed on qualified immunity grounds.

In practice, the burden falls on the party opposing the amendment to demonstrate why the amendment should not be allowed. Defendants' sole objection to the proposed amendment is that they would be futile. Although Rule 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. *See Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Courts have concluded that a proposed amendment was futile, for example, if it failed to

---

[1] Defendants do not oppose adding Cameron Johnson as a defendant, but do oppose adding Shawn O'Connell, Kelly Sinclair, Jonathon Sather, and Kevin Morant as parties.

state a legal theory or could not withstand a motion to dismiss.   15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.15[3] (3RD ED. 1997).

The Court is unable to say, based upon a facial review of the proposed new claim as well as Defendants' exhibits, that it fails to state a legal theory or would be otherwise subject to dismissal, and therefore, futile.  The Supreme Court has held that an overnight guest has a legitimate expectation of privacy in his host's home, *Minnesota v. Olson*, 495 U.S. 91 (1990), which in this case potentially implicates protection of the Fourth Amendment for Plaintiff.  The circumstances regarding Plaintiff's occupancy as a houseguest are factual issues that will bear upon his standing to ultimately assert such a personal claim for violation of his constitutional rights.  There is no proof in the record as to the relevant factors relating to such standing, and indeed, it is premature to address factual disputes at this stage of the litigation.  The resolution of a motion to amend should not involve any decision as to disputed material facts; that is something better left for the summary judgment stage of litigation.  Similarly, although Defendants have tendered to the Court, as Exhibit E, a Permission to Search form, apparently executed by Omar Kulp, there may be questions of fact as to the voluntariness and authenticity of this document.  For these reasons, at this early juncture, the Court is unable to conclude that Plaintiff's proposed new claim is futile.

The same may be said as to the naming of additional defendants.  Whether or not they acted in good faith reliance, and may ultimately be dismissed on qualified immunity grounds, is not properly resolved by this Court at this early stage of the proceedings.

### C.  Conclusion

The futility standard is a liberal standard in favor of allowing amendments.  In this instance,

Plaintiff has stated a legally cognizable theory and one that certainly appears to state a claim. Having read the submissions of both sides, the Court concludes that Defendants' arguments have not overcome the presumption in favor of allowing an amendment of the complaint and that the proposed amendment is not futile.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion and Memorandum in Support Of For [sic] Leave to Amend the Complaint (Docket No. 17) is hereby **granted**, and that Plaintiff is allowed to add a claim for unreasonable search in violation of his Fourth and Fourteenth Amendments, as well as to name as defendants Cameron Johnson, Shawn O'Connell, Jonathon Sather, Kelly Sinclair and Kevin Morant. Plaintiff is hereby instructed to file his proposed First Amended Complaint as a separate docket entry within ten (10) days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**